GEORGE STRICKLER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—226.]

**Instruction as to Circumstantial Evidence in Trial of a Charge of Murder.**
In the trial of one charged with murder where the evidence is largely circumstantial, the trial court is not required to caution the jury against a verdict based upon circumstantial evidence or to prescribe a rule by which that kind of evidence is to be considered by the jury.

APPEAL FROM WHITLEY CIRCUIT COURT.

September 10, 1885.

OPINION BY JUDGE PRYOR:

It must be conceded that the perpetrator of the cruel murder in killing of the woman, Hettie Hall, should be made to suffer the severest penalty known to the law, and the evidence adduced on the

trial, although circumstantial, conduces strongly to show that the appellant was the guilty party.

A jury empanelled in his own town within knowledge of all the parties and their surroundings, after hearing the testimony, has said that the accused fired the shot that took the life of the deceased, and the evidence supporting this finding, this court is powerless to interfere in behalf of the accused unless there is some error of law to be found in the record, prejudicial to the accused.

We have read the instructions carefully and find that the law of the case was properly presented to the jury after the usual instruction in regard to murder. The court told the jury that the law presumed the defendant to be innocent of the charge against him and it was their duty, if they could reasonably do so, to reconcile all the facts and circumstances proved in the case consistent with such presumption, and that if in the whole case they had a reasonable doubt of his guilt they should acquit him. It was neither necessary nor proper to caution the jury against a verdict based upon circumstantial testimony, or to prescribe a rule by which that character of testimony was to be considered by them. The testimony, whether direct or circumstantial, bearing upon the guilt or innocence of the accused had gone to the jury, and it was for them to determine the guilt or innocence of the accused from the facts before them. The accused had the benefit of the reasonable doubt that might arise by reason of the testimony and the jury was further told that the facts and circumstances must be inconsistent with the presumption before they could pronounce a verdict of guilty and then the guilt must be established beyond a reasonable doubt. The jury understood, no doubt, the instructions given and returned their verdict having no doubt as to the guilt of the accused.

The objection taken during the progress of the trial to the action of the court in directing the attorney for the commonwealth not to examine the witness, Julia Washington, as to the location or description of the house where the killing took place can not avail the accused. The house had already been fully described, and while there was some conflict in the statement of witnesses on this point, the suggestion by the court that the witness was a woman and other witnesses could be found who could explain the situation and prevent confusion was intended, no doubt, for the benefit of the accused, and if not we see no impropriety in the suggestion. The house was in the town where the case was being tried and nearly

every citizen was familiar with its location and the jury had the right to view the premises, if any trouble existed with reference to the location of the house or the position of the woman at the time she was shot. Besides the attorney for the defense had the right to interrogate the witness on that point, but failed to do so, for the reason doubtless that such an interrogation could in no manner tend to benefit the accused.

While the evidence in this case may not be conclusive as to the guilt of the appellant, still it would be invading the province of the jury if this court should attempt to disturb the finding upon that ground and with an enlightened judge on the bench looking to the protection of the innocent when unjustly charged with the commission of such a grave offense it is scarcely possible that conviction could be had in the face of facts that conduced to show an absence of proof authorizing a conviction. The judgment below must be affirmed.

Judgment *affirmed.*

*C. W. Lester, for appellant.*

*P. W. Hardin, for appellee.*

